IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAN PATRICIO TOALOMBO YANCHALIQUIN, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; IMMIGRATION AND CUSTOMS ENFORCEMENT; DAREN K. MARGOLIN, Director for Executive Office for Immigration Review; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; DAVID EASTERWOOD, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement; and RYAN SHEA, Sheriff of Freeborn County,[1] <br><br> Respondents. | **8:25CV743** <br><br><br> **MEMORANDUM AND ORDER** |

Petitioner Willian Patricio Toalombo Yanchaliquin ("Toalombo Yanchaliquin") is a native and citizen of Ecuador who entered the United States without inspection in June 2023. He was detained that same month but then released under an "Order of Release on Recognizance" in July 2023. His "Notice to Appear" dated August 19, 2023, states he is "an alien present in the United States who has not been admitted or paroled." He reports he applied for asylum as part of his removal proceedings under 8 U.S.C. § 1229a.

---

[1]Toalombo Yanchaliquin states in the body of his habeas petition that all individual respondents are named in their official capacities.

Since entering the United States, Toalombo Yanchaliquin has been under an order of supervision. Despite complying with the order, Immigration and Customs Enforcement ("ICE") officers detained Toalombo Yanchaliquin on December 14, 2025, under the mandatory detention provision in 8 U.S.C. § 1225(b) and transferred him to the Freeborn County Jail in Albert Lea, Minnesota. The next day, they transferred him to the Sarpy County Jail in Papillion, Nebraska.

On December 16, 2025, Toalombo Yanchaliquin filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Filing No. 1) in the District of Minnesota naming Pamela Bondi, Attorney General; the Department of Homeland Security ("DHS"); Kristi Noem, Secretary of DHS; ICE; Todd M. Lyons, Acting Director of ICE; the Executive Office of Immigration Review ("EOIR"); Daren K. Margolin, Director for EOIR; David Easterwood, Acting Director of the St. Paul Field Office for ICE (collectively, the "federal respondents");[2] and Ryan Shea, Sheriff of Freeborn County, Minnesota. Toalombo Yanchaliquin primarily seeks immediate release from detention while his removal proceedings are pending or, in the alternative, a bond hearing under 8 U.S.C. § 1226(a).

On December 22, 2025, the United States District Court for the District of Minnesota transferred the case to this Court pursuant to the parties' stipulation for transfer (Filing No. 10) and 28 U.S.C. § 1406(a). This matter is now before the Court on Toalombo Yanchaliquin's motion for an order to show cause under 28 U.S.C. § 2243.

District courts are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). This requires that the Court "have jurisdiction over the custodian" before issuing the writ. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (quoting *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 495 (1973)). "Thus, jurisdiction

---

[2]"[A]n official-capacity suit is a suit against a government entity 'in all respects other than name[.]'" *Banks v. Slay*, 875 F.3d 876, 880-81 (8th Cir. 2017) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Naming DHS, ICE, and EOIR in addition to the heads of those government agencies in their official capacities is redundant. *See Roberts v. Dillon*, 15 F.3d 113, 115 (8th Cir. 1994).

over [Toalombo Yanchaliquin's] habeas petition lies in the [District of Nebraska] only if it has jurisdiction over [his immediate physical custodian]." *Id.* at 441.

The habeas statute further provides that an application for a writ of habeas corpus "shall allege . . . the name of the person who has custody over" Toalombo Yanchaliquin. 28 U.S.C. § 2242. "[U]nless it appears from the application that [Toalombo Yanchaliquin] is not entitled" to relief, the Court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted[.]" *Id.* § 2243. The Court's show-cause order must also be "directed to the person having custody of [Toalombo Yanchaliquin.]" *Id.*

The Supreme Court has explained that "in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Padilla*, 542 U.S. at 435. This physical-custodian rule does not change merely because this petition occurs in the immigration context. *See id.* at 439 ("We have never intimated that a habeas petitioner could name someone other than his immediate physical custodian as respondent simply because the challenged physical custody does not arise out of a criminal conviction."); *see also Doe v. Garland*, 109 F.4th 1188, 1193-95 (9th Cir. 2024) (holding that an immigrant detainee's § 2241 habeas petition challenging his physical detention under 8 U.S.C. § 1226(c) and requesting an individualized bond hearing was a "core habeas challenge," and thus had to name his warden as respondent); *Vasquez v. Reno*, 233 F.3d 688, 679 (1st Cir. 2000) (concluding that the United States Attorney General is not the custodian of an alien being held at a federal detention facility and therefore not a proper respondent to a habeas petition).

The Court cannot say from the face of Toalombo Yanchaliquin's petition that he is not entitled to relief. *See* 28 U.S.C. § 2243. So ordinarily, the Court would be inclined to grant his motion for a show-cause order. *See id.* But this case presents a "core habeas challenge[] to present physical custody." *Padilla*, 542 U.S. at 444. Therefore, "[b]y

3

definition, the immediate custodian and [Toalombo Yanchaliquin] reside in the same district." *Id.* Yet he has not named his immediate physical custodian. *See* 28 U.S.C. § 2243.

Toalombo Yanchaliquin alleges the federal respondents are his "legal custodians" because they are responsible for administrating, implementing, and enforcing immigration laws. That may be true, but the *Padilla* Court was clear that naming "part[ies] exercising legal control over the detainee only comes into play when there is no immediate physical custodian." *Padilla*, 542 U.S. at 439. That is not the case here. *See also id.* at 434 (explaining that "there is generally only one proper respondent to a given prisoner's habeas petition").

Accordingly, petitioner Willian Patricio Toalombo Yanchaliquin's motion for a show-cause order under 28 U.S.C. § 2243 (Filing No. 28) is denied at this time. Toalombo Yanchaliquin may try again after naming his immediate physical custodian.

IT IS SO ORDERED.

Dated this 23rd day of January 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

4