IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAN PATRICIO TOALOMBO YANCHALIQUIN, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; IMMIGRATION AND CUSTOMS ENFORCEMENT; DAREN K. MARGOLIN, Director for Executive Office for Immigration Review; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; DAVID EASTERWOOD, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement; and STEVE FANNON, or successor, Warden of McCook Detention Center,[1] <br><br> Respondents. | **8:25CV743** <br><br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on petitioner Willian Patricio Toalombo Yanchaliquin's ("Toalombo Yanchaliquin") amended verified petition for habeas corpus under 28 U.S.C. § 2241 (Filing No. 33). In brief, Toalombo Yanchaliquin is a native and citizen of Ecuador who entered the United States without inspection in June 2023. Immigration and Customs Enforcement ("ICE") officers detained him on December 14, 2025, under the mandatory detention provision in 8 U.S.C. § 1225(b)(2) and transferred

---

[1]Toalombo Yanchaliquin states in the body of his habeas petition that all individual respondents are named in their official capacities.

him to the Freeborn County Jail in Albert Lea, Minnesota. The next day, they transferred him to the Sarpy County Jail in Papillion, Nebraska.

Toalombo Yanchaliquin's amended petition names Pamela Bondi, Attorney General; the Department of Homeland Security ("DHS"); Kristi Noem, Secretary of DHS; ICE; Todd M. Lyons, Acting Director of ICE; the Executive Office of Immigration Review ("EOIR"); Daren K. Margolin, Director for EOIR; David Easterwood, Acting Director of the St. Paul Field Office for ICE (collectively, the "federal respondents");[2] and Steve Fannon, or successor, Warden of the McCook Detention Center (the "warden"). Toalombo Yanchaliquin primarily seeks immediate release from detention while his removal proceedings are pending or, in the alternative, a bond hearing under 8 U.S.C. § 1226(a).

District courts are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). This requires that the Court "have jurisdiction over the custodian" before issuing the writ. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (quoting *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 495 (1973)). This threshold requirement is satisfied in this case because Toalombo Yanchaliquin states that the warden of the McCook Detention Center has "immediate day-to-day control over [him] and is his immediate physical custodian."

The habeas statute further provides that "unless it appears from the application that [Toalombo Yanchaliquin] is not entitled" to relief, the Court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted[.]" *Id.* § 2243. The Court's show-cause order must also be "directed to the person having custody

---

[2]As the Court explained in its prior order (Filing No. 30), "an official-capacity suit is a suit against a government entity 'in all respects other than name[.]'" *Banks v. Slay*, 875 F.3d 876, 880-81 (8th Cir. 2017) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Perhaps Toalombo Yanchaliquin thinks he is covering his bases, but naming DHS, ICE, and EOIR in addition to the heads of those government agencies in their official capacities is inefficient and unnecessary. *See Roberts v. Dillon*, 15 F.3d 113, 115 (8th Cir. 1994).

of [Toalombo Yanchaliquin.]" and it must "be returned within three days" unless "good cause for additional time, not to exceed twenty days, is allowed." *Id.* Moreover, the custodian "shall make a return certifying the true cause of [Toalombo Yanchaliquin's] detention." *Id.*

The Court cannot say from the face of Toalombo Yanchaliquin's petition that he is not entitled to relief. *See id.* Accordingly, the Court will order him to serve his petition and a copy of this Memorandum and Order on his immediate physical custodian—the warden. *See Padilla*, 542 U.S. at 435 (noting that "in habeas challenges to present physical confinement," "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official"). Upon notice, the warden shall show-cause why Toalombo Yanchaliquin's writ should not be granted. After Toalombo Yanchaliquin files any reply, the Court will determine whether to hold a hearing on the matter.

The statutory and constitutional issues raised by Toalombo Yanchaliquin's petition are complex. Given that complexity and his need to serve the warden, the Court finds there is good cause for setting a briefing schedule that allows a response beyond the three days ordinarily allowed under 28 U.S.C. § 2243. The Court also finds that the novel federal questions warrant notice to the United States Attorney for the District of Nebraska to represent the federal respondents' interests in this matter. Accordingly,

IT IS ORDERED:

1. The Clerk of the Court shall, before docketing this order, add Assistant United States Attorney Christopher L. Ferretti and Assistant United States Attorney Eric W. Synowicki as counsel for the federal respondents and shall, after doing so, regenerate the filing for the petition.

2. Petitioner Willian Patricio Toalombo Yanchaliquin shall serve his Amended Verified Petition for Writ of Habeas Corpus (Filing No. 33) and a copy of this Memorandum and Order on Steven Fannon, or his successor, Warden of the McCook Detention Center in McCook, Nebraska, and file proof of such service with the Court.

3.    The warden shall show cause why the petition should not be granted within three business days after being served.

4.    Toalombo Yanchaliquin shall have three business days from the date of the response to file a reply.

5.    The Court will then determine whether to hold a hearing on this matter.

Dated this 30th day of January 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge